In the Matter of the Estate of ELIZABETH TURFLER, Deceased.

AMY WILLIAMS, Appellant, *v.* JACOB C. TURFLER, Respondent.

*Supplemental objections to an executor's account — leave to file them is discretionary.*

It is discretionary with a surrogate whether or not to allow persons interested in an estate to file objections to the account of the executor thereof after the time for filing objections has expired, and to impose conditions upon the persons applying for leave to file such objections in case of the granting of their request.

APPEAL by Amy Williams, one of the legatees named in the last will and testament of Elizabeth Turfler, deceased, from so much of an order or decree of the Surrogate's Court of the county of Rockland, entered in the Rockland County Surrogate's Court on the 18th day of December, 1893, as denied the appellant's motion for the removal of the executor of the said estate and the appointment of an administrator with the will annexed, and as denied her leave to file certain supplemental objections to the account of the said executor.

An application was made by Amy Williams to remove Jacob C. Turfler as executor of the estate of Elizabeth Turfler, deceased, and for leave to file supplemental objections to the accounts of such executor, and upon the hearing of such application before the surrogate an order was made denying the motion for the removal of the executor and the appointment of an administrator and further providing that said Amy Williams have leave, and the same hereby is granted, to file and serve within five days hereafter one supplementary objection to the accounts of said executor now in process of set-

tlement in this court, to wit, an objection in writing relating solely
to the averment made that the executor has failed to charge himself
in his said accounts with certain moneys which belonged to the estate
of said Elizabeth Turfler, but which he wrongfully retained as com-
missions due him as one of the executors of George C. Turfler,
which objection shall specify the sum so to be charged; provided,
however, that the said Amy Williams shall, within the time afore-
said, stipulate that she will not plead in bar the Statute of Limita-
tions to any action or proceeding which may be brought against her
at any time to recover any moneys paid to or received by her in
excess of her proper share or portion of the estate of said Elizabeth
Turfler, and that the trial of a certain action now pending in the
Supreme Court of New York, Kings county, brought by said Amy
Williams against said Jacob C. Turfler and George F. Turfler, shall
be postponed at least thirty days if, at the time said action is next
called for trial, the final decree upon the accounting of said Jacob
C. Turfler, as said executor herein, and the final decree upon the
accounting of said Jacob C. Turfler and George F. Turfler, as execu-
tors of George C. Turfler, now pending in this court, shall not have
been entered, and notice thereof received by said executors'
attorneys.

*T. C. Cronin* and *J. Newton Williams*, for the appellant.

*Wm. Ford Upson*, for the respondent.

PRATT, J. :

We find no reason to remove the executor. So far as the papers
show his duties have been conscientiously performed.

According to the decision of the surrogate it appears that the
mother received, under the will, a life estate in several houses in
New York City, on which the executor collected upwards of
$111,000 rents, and paid the net proceeds, $72,000, to the mother.

When the executor's accounts were filed the ruling was made that
the executor, as such, had no right to collect the rents nor to charge
commissions therefor. But his good faith is not impeached, and if
the beneficiaries under the will are to be allowed to file objections at
this late day, it should be upon conditions as strict as those imposed
below.

It may be added that it was a matter of discretion with the surrogate which this court cannot well reverse.

The order appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Order affirmed, with costs.